UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JONES, | Case No.: 3:21-cv-00129-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 25 |
| LINDA FOX, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion to enforce settlement. (ECF No. 25.) Defendant filed a response. (ECF No. 26.) Plaintiff filed a reply. (ECF No. 27.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC), ECF No. 8.)

The court screened Plaintiff's FAC, and allowed him to proceed with a single claim of deliberate indifference to a serious medical need under the Eighth Amendment against Dr. Martin Naughton based on allegations that Dr. Naughton did not adequately manage Plaintiff's hip pain. (ECF No. 7.)

The court referred this matter to its early mediation program, and a mediation session was held on May 17, 2022. The minutes from the mediation reflect that a settlement was reached, the

terms of the agreement were stated on the record, and the agreement was reduced to writing and signed by all parties at the mediation. (ECF No. 17.) A stipulation for dismissal of the action with prejudice was filed on July 7, 2022 (ECF No. 23), and an order dismissing the case with prejudice was entered by District Judge Traum on July 11, 2022 (ECF No. 24).

Plaintiff filed this motion to enforce the settlement agreement on July 14, 2022. (ECF No. 25.)

## II. DISCUSSION

Plaintiff attaches a copy of the settlement agreement, which states that NDOC agreed to provide Plaintiff with an expedited appointment (within 14 days) with NDOC medical personnel to discuss scheduling his colonoscopy and left knee surgical procedure, and further agreed to reserve Plaintiff's current housing situation for one week following the surgical procedure on his left knee. NDOC also agreed to pay Plaintiff $100, to be deposited in his Trust 2 account. In exchange, Plaintiff signed a stipulation for dismissal of this action. NDOC agreed to comply with the terms of the agreement within 30 days of its signing, but Plaintiff was required to wait an additional 30 days after that deadline to file any motion to enforce the agreement. (ECF No. 25 at 7-8.)

Plaintiff asserts that John Keast told him on May 24, 2022, that he called Reno Orthopedic and Gastroenterology Consultants for appointments, per the terms of the agreement. Plaintiff had his wife and nephew call those facilities to ask if they had been contacted for an appointment, and both said they had not been contacted for appointments for Plaintiff.

Defendant argues Plaintiff's motion should be denied as premature, because as Plaintiff acknowledges, the agreement provides that Plaintiff must wait 30 days *after* the 30-day deadline for Defendant's compliance to file any motion to enforce the settlement agreement.

In addition, Defendant argues that NDOC has complied with the agreement. The agreement provided, among other things not relevant to this motion, that Plaintiff be provided with an expedited appointment (within 14 days) to discuss scheduling his colonoscopy and left knee surgical procedure. Defendant points out that the agreement did not provide that the appointments would in fact be scheduled, or that they would be scheduled within 30 days. Defendant notes that NDOC is actively attempting to schedule appointments for Plaintiff's colonoscopy and knee surgery, but as of the time of the filing of their opposition, they were unable to schedule the appointments. (Dorame Decl., ECF No. 26-1.)

First, in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Kokkonen*, 511 U.S. at 381. Unless the court's retention of jurisdiction is expressly made a part of the settlement agreement and order of dismissal, and absent another independent basis for jurisdiction, a motion to enforce a settlement agreement is an action for breach of contract that should be filed in state court. *Id*.

Here, the settlement agreement provides that the court retains jurisdiction over this matter for purposes of enforcing the settlement agreement "*until the stipulation to dismiss is granted,*" and "*[u]pon dismissal of this action, the District Court will no longer have jurisdiction over this case*." (ECF No. 25 at 8, emphasis added.) District Judge Traum entered the order dismissing this action with prejudice on July 11, 2022, terminating this court's jurisdiction. Plaintiff has not provided an independent basis for jurisdiction. Therefore, Plaintiff's motion to enforce the settlement agreement should be denied for lack of jurisdiction.

Even if the court had jurisdiction over this motion, the court agrees that Plaintiff's motion is premature under the express terms of the agreement, which required Plaintiff to wait until at least July 16, 2022, to file a motion to enforce the settlement agreement (30 days from the May 17, 2022 signing, plus an additional 30 days). Plaintiff's motion was filed on July 14, 2022. Plaintiff's motion should be denied on this additional basis.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion to enforce the settlement agreement (ECF No. 25).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 28, 2022

_____
Craig S. Denney
United States Magistrate Judge