UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JONES,<br><br>  Plaintiff,<br>v.<br>LINDA FOX, *et al.*,<br><br>  Defendants. | Case No. 3:21-cv-00129-ART-CSD<br><br>ORDER ADOPTING MAGISTRATE JUDGE DENNEY'S REPORT AND RECOMMENDATION (ECF NO. 28) |

*Pro se* Plaintiff Robert Jones ("Jones") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 28), recommending the Court deny Jones' Motion to Enforce the Settlement Agreement (ECF No. 25) for lack of jurisdiction. Plaintiff had until December 12, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Jones' Motion to Enforce the Settlement Agreement. (ECF No. 25).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Here, Judge Denney recommends the Court deny Jones motion (ECF No. 25) because the Court lacks jurisdiction to enforce the settlement agreement. The settlement agreement contained language retaining jurisdiction "until the stipulation to dismiss is granted" and noted that "[u]pon dismissal of this action, the District Court will no longer have jurisdiction over this case." (ECF No. 25 at 8). In response to the parties' stipulation to dismiss (ECF No. 23), the Court dismissed this case with prejudice on July 11, 2022. (ECF No. 24). Jones filed his Motion to Enforce the Settlement Agreement on July 14, 2022. (ECF No. 25). Federal courts do not have inherent jurisdiction to enforce a settlement agreement unless jurisdiction is expressly made part of the settlement agreement and order of dismissal or there is another independent basis for jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). The settlement agreement here expressly noted that the Court's jurisdiction would expire upon dismissal of the action. Because Jones filed his Motion to Enforce the Settlement Agreement (ECF No. 25) after the Court dismissed the case, the Court now lacks jurisdiction to enforce the settlement agreement.

//
//
//
//
//
//
//
//

For these reasons, the Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 28) is accepted and adopted in full.

It is further ordered that Jones Motion to Enforce the Settlement Agreement (ECF No. 25) is DENIED.

DATED THIS 23rd Day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE